UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| STEVEN HIRSCH,<br><br>                                    Plaintiff,<br><br>          - against -<br><br>VOX MEDIA, INC.<br><br>                                    Defendant. | Docket No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Steven Hirsch ("Hirsch" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Vox Media, Inc. ("Vox" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of Diane Wells owned and registered by Hirsch, a New York City based photojournalist. Accordingly, Hirsch seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2.      This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.      This Court has personal jurisdiction over Defendant because Defendant resides in

and/or are doing business in New York.

4.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.      Hirsch is a professional photojournalist in the business of licensing his

photographs to online, print, and television stations for a fee, having a usual place of business at

280 East 10th Street, Apt. 29, New York, New York, 10009. Hirsch's photographs have appeared

in many publications around the United States.

6.      Upon information and belief, Vox is a corporation duly organized and existing

under the laws of the State of Delaware, with a place of business at 104 West 40th Street, New

York, New York, 10018. Upon information and belief, CBS Radio is registered with the New

York Department of State, Division of Corporations to do business in the State of New York.  At

all times material hereto, Vox has owned and operated a website at the URL:

www.ny.curbed.com (the "Website").

## STATEMENT OF FACTS

**A.      Background and Plaintiff's Ownership of the Photograph**

7.      On July 20, 2012, Hirsch photographed Diane Wells (the "Photograph"). A true

and correct copy of the Photograph is attached hereto as Exhibit A.

8.      Hirsch then licensed the Photograph to the New York Post. On July 20, 2012,

The New York Post ran an article that featured the Photograph on its web edition entitled, *El

Dorado Co-op Wants to Evict Smoking Trust fund transsexual stinking up swank cpw complex*

See (http://nypost.com/2012/07/20/el-dorado-co-op-wants-to-evict-smoking-trust-fund-

transsexual-stinking-up-swank-cpw-complex). Hirsch's name was featured in a gutter credit

identifying him as the photographer of the Photograph. A true and correct copy of the

Photograph on the article is attached hereto as Exhibit B.

9.      Hirsch is the author of the Photograph and has at all times been the sole owner of

all right, title and interest in and to the Photograph, including the copyright thereto.

10.     The Photograph was registered with Copyright Office and was given Copyright

Registration Number VA 2-005-286.

**B.      Defendant's Infringing Activities**

11.     Upon information and belief, on or about July 20, 2012, Vox ran an article on the

Website entitled *El Dorado Wants to Oust Chain-Smoking Heiress*. See

(http://ny.curbed.com/2012/7/20/10349630/el-dorado-wants-to-oust-chain-smoking-heiress). The

article prominently featured the Photograph. A true and correct copy of the article is attached

hereto as Exhibit C.

12.     Vox did not license the Photograph from Plaintiff for its article, nor did Vox have

Plaintiff's permission or consent to publish the Photograph on its Website.

13.     Upon information and belief, Vox removed Hirsch's gutter credit and did not

attribute the Photograph to anyone.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST VOX)**
**(17 U.S.C. §§ 106, 501)**

14.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-13 above.

15.     Vox infringed Plaintiff's copyright in the Photograph by reproducing and publicly

displaying the Photograph on the Website. Vox is not, and has never been, licensed or otherwise

authorized to reproduce, publically display, distribute and/or use the Photograph.

16.     The acts of Defendant complained of herein constitute infringement of Plaintiff's

copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the

Copyright Act, 17 U.S.C. §§ 106 and 501.

17.     Upon information and belief, the foregoing acts of infringement by Vox have

been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

18.     As a direct and proximate cause of the infringement by the Defendant of

Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and

defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

19.     Defendant's conduct, described above, is causing, and unless enjoined and

restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully

compensated by or measured in money damages.  Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST VOX
## (17 U.S.C. § 1202)

20.     Plaintiff incorporates by reference each and every allegation contained in

Paragraphs 1-19 above.

21.     When the Photograph was published in an article in The New York Post, the

article contained copyright management information protected under 17 U.S.C. § 1202(b).

22.     Upon information and belief, in its article on the Website, Vox intentionally and

knowingly removed copyright management information identifying Plaintiff as the photographer

of the Photograph.

23.     The conduct of Vox violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Vox's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Vox intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Vox also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

26. As a result of the wrongful conduct of Vox as alleged herein, Plaintiff is entitled to recover from Vox the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Vox because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Vox statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Vox be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Vox be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3.      Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or

advantages of any kind attributable to Defendant's infringement of Plaintiff's

Photograph.

4.      That, with regard to the Second Claim for Relief, Plaintiff be awarded either:

a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any

kind attributable to Defendant's falsification, removal and/or alteration of

copyright management information; or b) alternatively, statutory damages of at

least $2,500 and up to $ 25,000 for each instance of false copyright management

information and/or removal or alteration of copyright management information

committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.      That Defendant be required to account for all profits, income, receipts, or other

benefits derived by Defendant as a result of its unlawful conduct;

6.      That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17

U.S.C. § 1203(b);

7.      That Plaintiff be awarded pre-judgment interest; and

8.      Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal

Rule of Civil Procedure 38(b).


Dated: Valley Stream, New York
        June 1, 2016

                                        LIEBOWITZ LAW FIRM, PLLC

                                        By:  /s/ Richard Liebowitz
                                              Richard P. Liebowitz

11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff Steven Hirsch*